HON.AMUL R. THAPAR
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
310 SOUTH MAIN STREET
P.O.BOX 5121
LONDON,KY,40745-5121

Eastern District of Kentucky
FILED
2/6/09
FEB 17 2009
AT LONDON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

RE: HILL V. LAPPIN,et.al.;
LETTER/BRIEF ON EXHAUSTION AT COURTS ORDER;

HON.JUDGE THAPAR:

I received the courts order directing that Plaintiff "provide evidence" that he either has exhausted his administrative remedys via the BOP processes, for emergency relief or the three step procedures.

With all due respect the plaintiff would like to bring to the courts attention <u>Jones V. Bock</u>, 549 U.S.199 (2007)("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.")

Because of the nature of this suit and its urgency, the Plaintiff will answer the courts question to the best of his ability.

(a) After Plaintiff was subjected to numerous retaliatory transfers, he exhausted his administrative remedys at the BP-11 stage he did not receive any response. These grievances dealt with all past, present, and future retaliatory transfers.;

(b) Plaintiff wrote repeated letters to Ms. Kim White the Regional Director about the resent attempts at yet another retaliatory transfer, he never received a response;

(c) Plaintiff then wrote a knew BP-8,9,10,11, about his placement in S.H.U. and the retaliatory transfer, he is waiting for the "11" response;

Plaintiff is of the firm belief that "A" supra was sufficient exhaustion, as it fullfilled the purposes of the PLRA, that being to put the prison offical on notice of the issues, and give them an oppurtunity to address it. To require Plaintiff to file a new remedy each time the BOP subjected him to a retaliatory transfer would only seek an serve to prevent the Plaintiff from obtaining any "meaningful" redress.

1

Nonetheless, Plaintiff went ahead and re-filed his remedy about the latest attempts at a retaliatory transfer. Yet due to fact that any delay could only be to Plaintiffs extreme detriment, and in fact fatally so. Plaintiff would humbly request that the defendants be directed to respond, on the merits, and assert any affirmative defenses they desire. Retaliatory transfers have been held universally by the Courts to violate the Constitution, see, Graham V. Mahmood, 2008 U.S.Dist.Lexis 3395 (april 22,2008). Plaintiff is humbly requesting a TRO or prliminary injunction, so that the court can hear the facts, before "irreparable" harm is done to Plaintiff, i.e. he is posibly transfered and assaulted or killed. This is a "real" danger as USP Lewisburg will be housing some of the BOP most violent prisoners; and the portrayal of Plaintiff as a "RAT" was also printed in news papers (New york Post) and picked up and circulated by many on-line, and prison publications.

There is a real threat and danger, thus I ask the the Court to please direct the defendants to respond expeditiously.

I thank the court for its time and consideration of the matters at hand and await the Courts response...

RESPECTFULLY SUBMITTED<br>
DEMETRIUS HILL<br>
68133-053<br>
U.S.P. McCREARY<br>
P.O.BOX 3000<br>
Pine Knot, Ky,42635

2