UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DEMETRIUS HILL, | ) |
| | ) |
| Plaintiff, | )   Civil No. 09-07-ART |
| | ) |
| v. | ) |
| | )   **MEMORANDUM OPINION AND** |
| HARLEY LAPPIN, et al., | )   **ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Demetrius Hill is currently confined in United States Penitentiary-McCreary ("USP-McCreary"), which is located in Pine Knot, Kentucky. Hill has filed a prisoner *pro se* civil rights action under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). His complaint names five defendants: (1) Harley Lappin, the Director of the Bureau of Prisons ("BOP"); (2) "McLeod," whom the plaintiff identifies as the Associate Warden of USP-McCreary; (3) "Huff," whom the plaintiff identifies as "S.I.A." of USP-McCreary; (4) "Sheldrake," whom the plaintiff identifies as "CMC" of USP-McCreary; and (5) "Burchette," whom the plaintiff identifies as "Lieutenant, SIS," of USP-McCreary. He alleges a series of retaliatory transfers and security classifications, and he seeks damages and a temporary restraining order and preliminary injunction preventing his transfer to the United States Penitentiary located in Lewisburg, Pennsylvania ("USP-Lewisburg"). Because these claims lack merit, they must be dismissed.

Hill states that when he was previously confined at USP-Lewisburg in 2005, staff members

viciously assaulted him.[1] He also claims that when he was confined at USP-Lewisburg in 2006, staff members told other inmates that Hill was a "rat" and should be stabbed. Hill further alleges that if he is transferred back to USP-Lewisburg, the staff will ensure that he is killed or assaulted. Against this backdrop, Hill complains that officials at USP-McCreary have threatened to transfer him to USP-Lewisburg in retaliation for filing grievances against USP-McCreary staff members. He also complains that he was placed in the Segregated Housing Unit as a result of filing grievances against various staff members at USP-McCreary.

This matter is before the Court for initial screening. Because this is a civil action that is being pursued by a prisoner against government officers, this Court must screen the plaintiff's claims under 28 U.S.C. § 1915A. In addition, the Court must also screen the plaintiff's claims under 28 U.S.C. § 1915(e) since the plaintiff is proceeding *in forma pauperis*. Both of these sections require the Court to screen the plaintiff's complaint and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id*. §§ 1915(e) & 1915A. Because the plaintiff has filed his complaint *pro se*, the Court holds it to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008) (quoting *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983)). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

Hill's claims must be dismissed because they do not have an arguable basis in law or fact.

---

[1] Apparently, this was the subject of previous civil rights action brought by Hill. *See* Complaint, R. 2, Attach. 1 at 2.

*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To succeed in a *Bivens* action, a plaintiff must prove a constitutional violation. *See Baranski v. Fifteen Unknown Agents of the Bureau of Alcohol, Tobacco & Firearms*, 452 F.3d 433, 444 (6th Cir. 2006) (noting that a plaintiff must establish a constitutional violation in order to prevail in a *Bivens* action (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971))); *Downie v. City of Middleburg Heights*, 76 F. Supp. 2d 794, 801 (N.D. Ohio 1999) (holding that "a court evaluating a *Bivens* claim must first ask 'whether the plaintiff has asserted a violation of a constitutional right at all'" (quoting *Siegert v. Gilley*, 500 U.S. 226, 232 (1991))).[2] The allegations in Hill's complaint, however, provide no basis for finding a constitutional violation.

Hill's complaint makes vague assertions that the staff at USP-Lewisburg will have him assaulted and possibly killed if he is transferred back to USP-Lewisburg. This, however, is pure speculation on Hill's behalf. Without any specificity or detail as to the threats posed by the staff at USP-Lewisburg, this Court can only conclude that Hill's assertions lack an arguable basis in fact and

---

[2]The Court assumes, without deciding, that a *Bivens* claim is available for injunctive relief. Although *Bivens* itself only provides explicit authorization for suits for money damages, *see Bivens*, 403 U.S. at 397, some courts have found that it also authorizes suits for injunctive relief, *see, e.g., Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 851 (1994)). Other courts, however, have viewed a request for injunctive relief as being separate from a *Bivens* action. *See, e.g., Reuber v. United States*, 750 F.2d 1039, 1061 (D.C. Cir. 1984), *overruled on other grounds by Kauffman v. Anglo-Am. School of Sofia*, 28 F.3d 1223 (D.C. Cir. 1994). Nevertheless, even if *Bivens* does not authorize injunctive relief, such relief is still available because "there is a 'presumed availability of federal equitable relief against threatened invasions of constitutional interests.'" *Davis v. Dist. of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998) (quoting *Hubbard v. EPA*, 809 F.2d 1, 11 (D.C. Cir. 1986); *see also Bivens*, 403 U.S. at 404 (Harlan, J., concurring in the judgment) (noting that there is a "presumed availability of federal equitable relief" to prevent federal officers from violating constitutional rights). Therefore, Hill's requests for injunctive relief require him to demonstrate a constitutional violation regardless of whether those claims are properly viewed as *Bivens* claims.

are therefore frivolous.[3] *See Neitzke*, 490 U.S. at 325. Thus, this Court will not consider those allegations.

Apart from those allegations, Hill's complaint only alleges a series of retaliatory transfers and classifications. These allegations also fail to provide a basis for finding a constitutional violation. It is well settled that prisoners have no inherent constitutional right to avoid a transfer from one prison to another, nor do they have an inherent constitutional right to remain free of security classifications that would place them in segregation or specialized housing units. *See Nunez v. FCI Elkton*, 32 F. App'x 724, 725 (6th Cir. 2002) (citing *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986)).[4] Moreover, it has long been recognized that a prisoner does not have a protected constitutional interest in avoiding a transfer to a particular prison simply because life in the other prison will be more disagreeable. *See Meachum*, 427 U.S. at 225. Instead, transfers and security classifications will not violate a prisoner's constitutional rights unless they impose upon the prisoner an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Supreme Court has found such hardship where a prisoner was transferred to a "supermax" prison that imposed

---

[3]This result is not affected by the requirement that the allegations in a *pro se* complaint must be taken as true. That rule does not require this Court to accept every conjectural or fanciful assertion that is made without the support of any specific factual allegations. Instead, this Court is permitted to conclude that such allegations lack an arguable basis in fact and are therefore frivolous. *See Neitzke*, 490 U.S. at 325.

[4]Unpublished decisions of the Sixth Circuit are not binding under the doctrine of stare decisis. *United States v. Sanford*, 476 F.3d 391, 396 (6th Cir. 2007). Accordingly, the Court considers such decisions for their persuasive value only. *See id.*

extreme restrictions on its inmates, *see Austin v. Wilkinson*, 545 U.S. 209 (2005), but Hill's past transfers and classifications have not subjected him to such extreme restrictions, and there is no indication that his allegedly impending transfer to USP-Lewisburg would subject him to such extreme hardships either. The simple act of transferring a prisoner from one prison to another—even if done frequently—does not constitute an atypical and significant hardship in relation to the incidents of prison life. Likewise, Hill has not suffered an atypical and significant hardship by virtue of the fact that he has been assigned security classifications that have caused him to be placed in segregation from time to time. In short, the transfers and classifications of which Hill complains are nothing more than the ordinary inconveniences that accompany prison life. As such, they cannot possibly be considered constitutional violations, which means that they do not provide an arguable basis in law for Hill's claims.

For the foregoing reasons, the Court concludes that Hill's complaint does not provide an arguable basis in fact or law for finding that his constitutional rights have been violated. Therefore, Hill's claims lack merit and cannot pass muster at the screening phase. Accordingly, it is hereby **ORDERED** as follows:

(1)   This action is **DISMISSED WITH PREJUDICE**.

(2)   This matter shall be **STRICKEN** from the active docket.

(3)   Judgment in favor of the named defendants shall be entered contemporaneously with this Memorandum Opinion and Order.

This the 17th day of April, 2009.



**Signed By:**
*Amul R. Thapar*  AT
**United States District Judge**