NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6:09-CV-7-KSF

DEMETRIUS HILL                                                                    PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

HARLEY LAPPIN, *et al*.                                              DEFENDANTS

\*\*\*\*\*\*\* \*\*\*\*\*\* \*\*\*\*\*\*

In light of the Sixth Circuit Court of Appeals' December 28, 2010 Order reversing and remanding the April 17, 2009 dismissal of this prisoner civil rights proceeding, the Court will briefly discuss the procedural history of this case; order the Clerk of the Court to issue summonses for each of the named defendants;[1] direct the United States Marshal Service ("USMS") to serve each of the named defendants; and direct the named defendants to respond to the allegations of the Complaint [R. 2].

### DISCUSSION

Plaintiff Demetrius Hill is currently confined in United States Penitentiary-Lewisburg, located in Lewisburg, Pennsylvania. On January 13, 2009, Hill filed the instant *pro se* civil rights Complaint under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six*

---

[1] Hill named the following defendants: (1) Harley Lappin, the Director of the Bureau of Prisons ("BOP"); (2) "McLeod," whom Hill identified as the Associate Warden of the United States Penitentiary-McCreary ("USP-McCreary"); (3) "Huff," whom Hill identified as "S.I.A." of USP-McCreary; (4) "Sheldrake," whom Hill identified as "CMC" of USP-McCreary; and (5) "Burchette," whom Hill identified as "Lieutenant, Special Investigative Services" of USP-McCreary.

*Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). At that time, Hill was confined in the USP-McCreary, located in Pine Knot, Kentucky. Hill asserted several First Amendment retaliation claims stemming from his confinement at USP-McCreary.

Hill stated that when he was previously confined at USP-Lewisburg in 2005, several inmates at that facility accused him of being a "rat" and "viciously" assaulted him.[2] Hill alleged that although he would again be physically assaulted or killed if he were transferred back to USP-Lewisburg, USP-McCreary officials had nevertheless threatened to transfer him to USP-Lewisburg in retaliation for filing grievances against staff members. Hill further complained that, in retaliation for filing unspecified grievances against various USP-McCreary staff members, he was placed in the Segregated Housing Unit ("SHU").

Hill sought damages, a temporary restraining order, and a preliminary injunction to prevent his transfer to any other federal prison, specifically, transfer to the United States Penitentiary located in Lewisburg, Pennsylvania ("USP-Lewisburg"). Hill claimed that if he were transferred to USP-Lewisburg, he would be physically assaulted, or killed.

In one of two Orders entered on February 4, 2009, Hill was asked to submit documentation demonstrating his exhaustion efforts, both as to his request for emergency injunctive relief preventing his transfer to USP-Lewisburg, and his non-emergency claims objecting to his placement in SHU. *See* Order [R. 5].

---

[2] In his Complaint, Hill discussed at length the conditions of confinement at other prisons where he had been confined, prior to his transfer to USP-McCreary [R. 2, pp. 1-3]. The allegations relevant to his confinement at USP-McCreary are found at pp. 3-4.

2

Hill submitted no documentation in response to that Order, but instead, on February 17, 2009, filed a "Letter/Brief on Exhaustion at Court's Order" stating he had done all that he was required to do in order to administratively exhaust his claims, and that pursuant to *Jones v. Bock*, 127 S. Ct. 910 (2007), he was not required to produce exhaustion documentation [R. 7].

However, Hill stated that he had filed BP-8, 9, 10 and 11 remedies challenging his placement in SHU and possible retaliatory transfers, but that as of February 17, 2009, "*he is waiting for the '11' response*," [*Id*. p. 1] (emphasis added). He explained why he filed this action on January 13, 2009, *prior* to receiving the BOP Central Office's response, stating that:

(1) he had been subjected to numerous retaliatory transfers and had "exhausted his administrative remedys [sic] at the BP-11 stage and he did not receive any response," [*Id*.].[3]

(2) he had written repeated letters to Kim White, Regional Director of the Bureau of Prisons ("BOP"), complaining about "the resent [sic] attempts at yet another retaliatory transfer, yet he never received a response," [*Id*].[4]

(3) he had sufficiently complied with the BOP exhaustion process, and "to require Plaintiff to file a new remedy each time the BOP subjected him to a retaliatory transfer would only prevent the Plaintiff from obtaining any 'meaningful' redress," [*Id*.].

---

[3] Again, Hill refused to provide any specifics about his grievance efforts. Given the information contained in the Complaint, it is not clear that these alleged past grievances pertained to events that happened at USP-McCreary and not at other prisons outside of the jurisdiction of this Court.

[4] Hill attached his letter to Kim White, BOP Regional Director, in which he complained about his placement in SHU and his alleged pending transfer to another prison as a result of disciplinary infractions [R. 7-2]. Because the letter was undated, it is not clear that Hill sent it in response to the February 4, 2009 Order [R. 5] asking him to explain his exhaustion efforts.

3

On April 17, 2009, Hon. Amul R. Thapar dismissed Hill's *Bivens* complaint on the merits as frivolous, concluding that Hill did not have an inherent constitutional right to avoid prison transfers or segregated housing, and that Hill's alleged fear of being harmed in the future by the Lewisburg staff was conjectural and lacked specificity [R. 9].

Hill appealed, and on December 28, 2010, the Sixth Circuit Court of Appeals reversed and remanded [R.12 & 13]; *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010). The Sixth Circuit concluded that because Hill had alleged two factually plausible instances of retaliation, *i.e.*, pursuing conduct protected by the First Amendment (filing grievances) for which the defendants subjected him to adverse action (placement in SHU) based on improper motives, he had sufficiently stated First Amendment retaliation claims which should have survived initial screening and not been dismissed as factually frivolous under § 1915A [R.12, pp. 6-13]; *Hill*, 630 F.3d at 471-478.[5] The mandate issued on February 23, 2011 [R. 14].

As Hill was transferred to USP-Lewisburg at some point while this action was on appeal, at least part of his 2009 request for an emergency injunction preventing his transfer to USP-Lewisburg now appears to be moot. Under Article III of the Constitution, a court has jurisdiction only over actual cases and controversies, not disputes which are moot. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997).

---

[5] Noting that it had not yet addressed how *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007) affected the review of complaints under the failure-to-state-a-claim standard found in §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), the Sixth Circuit stated: "We now decide that the dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill*, 630 F. 3d at 470-471. However, the Sixth Circuit agreed with Judge Thapar that Hill's allegation of harm at the hands of USP-Lewisburg officials was purely speculative, *Id.* at 473.

However, pursuant to the Sixth Circuit's Order reversing and remanded this proceeding, the Court will order the Clerk of the Court to issue summonses for the defendants; direct the USMS to serve the defendants in the manner set forth below, as Hill has been granted pauper status, *see* Order [R. 8]; and order the defendants to respond to Hill's claims, including his 2009 requests for emergency injunctive relief. Hill's February 28, 2011 letter [R.15], construed as a motion for a status report, will be denied as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

1. The Clerk of the Court is directed to issue summonses for the Defendants: (1) Harley Lappin, the Director of the BOP; (2) "McLeod," Associate Warden of USP-McCreary; (3) "Huff," Special Investigative Agent, USP-McCreary; (4) "Sheldrake," "CMC" of USP-McCreary; and (5) "Burchette," Special Investigative Agent, USP-McCreary.

2. For each of the Defendants specified above, the Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

    a. Completed summons forms;

    b. Complaint [R. 2];

    c. Sixth Circuit Orders docketed as R. 12, 13 and 14;

    d. This Order;

    e. Completed USM Forms 285.

If the Clerk is unable to complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

3. For each of the defendants, the Clerk shall also prepare three (3) Service Packets to be provided to the USMS in Lexington, Kentucky, addressed as follows:

    a. to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. to the Office of the Attorney General of the United States in Washington, D.C.; and

    c. for personal service at the BOP Central office in Washington, D.C.

4. The London Clerk shall send by certified mail the required Service Packets for each of the defendants to USMS in Lexington, Kentucky. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USMS.

5. The USMS shall serve each of the identified defendants by:

    a. Sending a Service Packet for each identified defendant by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. Sending a Service Packet for each identified defendant by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

    c. Personally serving a Service Packet upon the named defendants through arrangement with the Federal Bureau of Prisons.

The USMS is responsible for ensuring that each defendant is successfully served with process. In the event that an attempt at service upon a defendant is unsuccessful, the USMS shall make further attempts and ascertain such information necessary to ensure successful service.

      6.      Within forty days of the date of entry of this Order, the USMS shall send a Service Report to the London Clerk's Office, which the Deputy Clerk shall file in the record, stating whether service has been accomplished with respect to each identified defendant.

           a.      For each defendant to be served by certified mail, the Service Report shall include:

                i.      a copy of the green card showing proof of service; or

                ii.     a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

           b.      For each defendant to be personally served, the Service Report shall indicate:

                i.      that the defendant was successfully served personally and when, or

                ii.     a statement explaining what efforts are being taken to locate the defendant and accomplish personal service.

      7.      Plaintiff Demetrius Hill's February 28, 2011 letter [R.15], construed as a motion seeking a status report, is **DENIED** as **MOOT**.

      8.      Hill shall immediately advise the London Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case.

9.      Hill must communicate with the Court solely through notices or motions filed with the London Clerk's Office. The Court will disregard correspondence sent directly to the Judge's chambers.

10.     For every further pleading or other document he wishes to submit to the Court, Hill shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Hill shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court**.

This April 11, 2011.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge