UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

DEMETRIUS HILL,

   Plaintiff, | Civil Action No. 09-CV-7-KSF

v.

HARLEY LAPPIN, *et al.*, | **MEMORANDUM OPINION AND ORDER**

   Defendants.

***** ***** ***** *****

Defendants Burchette, Huff, and Sheldrake have filed an "Amended Motion to Dismiss"[1] on behalf of defendants Harley Lappin, former Director of the Bureau of Prisons ("BOP") and "McLeod," former Associate Warden of USP-McCreary.[2] [R. 44] Plaintiff Demetrius Hill, proceeding without counsel, filed a motion [R. 51] requesting a copy of the defendants' original motion to dismiss and amended motion to dismiss. He also subsequently responded to the merits of the amended motion to dismiss. [R. 54] As explained below, the Court will grant the amended motion to dismiss and deny as moot Hill's motion requesting copies of the defendants' earlier motions.

---

[1] After the defendants' August 31, 2011, motion to dismiss [R. 37] was returned as undeliverable, the defendants ascertained that Hill had been transferred, and filed their amended motion to dismiss [R. 44] on October 11, 2011, once they learned his current address.

[2] The Court takes judicial notice that the full name of this defendant is Ronald McLeod, who is "now retired from the Federal Bureau of Prisons." *Romero v. Lappin*, No. 10-CV-35-ART (E.D. Ky. 2010) [R. 17-3 therein, September 21, 2010, Declaration of Ronald McLeod].

**BACKGROUND**

On January 13, 2009, Hill filed a complaint against the BOP and four prison officials at USP McCreary seeking damages and an injunction preventing his transfer to another facility. [R. 2] The Court dismissed Hill's complaint on initial screening, but on appeal, the Sixth Circuit remanded the case for further proceedings. [R. 12]

On April 11, 2011, the Court ordered summons to issue for Lappin, McLeod, Huff, Sheldrake, and Burchette, in their individual capacities, and the Clerk issued summons on that same date. [R. 18, 19] Defendant Sheldrake was served at USP Leavenworth in Kansas on May 5, 2011, and Captain Huff was served on May 10, 2011. [R. 42] Defendant Burchette was served at USP-McCreary on May 12, 2011. [R. 30]

Between June 2011 and November 2011, the BOP transferred Hill among several jails and prisons pursuant to writs of *habeas corpus ad prosequendum* to effectuate his presence at various legal proceedings in other jurisdictions. On June 8, 2011, Hill notified the Court of a change of his address [R. 31], but Hill's frequent travel caused numerous orders issued by the Court to be returned as undeliverable by the Postal Service. [R, 40, 43, 49, 50] In each case, the Court promptly re-sent the returned orders, as well as the defendants' amended motion to dismiss [R. 44], to Hill at his most recent address. [R. 46, 48, docket notation of 12/30/11] On September 28, 2011, the Court further ordered the defendants to advise whether they had mailed a copy of the original motion to dismiss [R. 37] to Hill at his then-most current address. [R. 41]

On September 29, 2011, the United States Marshals Service ("USMS") filed a return of service for former BOP Director Defendant Harley Lappin showing that the summons was signed by "Shauna Robinson, Deputy Director" on May 5, 2011, which did not effect personal service on

2

Lappin.³ [R. 42] The USMS was never able to serve Defendant McLeod, noting in two returns that McLeod had retired from the BOP. [R. 25, 42]

Burchette, Huff, and Sheldrake argue in their motion that Hill's claims against Lappin and McLeod should be dismissed because Hill failed to serve either of them at all, let alone within the 120-day period set forth in Federal Rule of Civil Procedure 4(m). [R. 44] They concede that this period began on April 22, 2011, the date that the Clerk of the Court issued summons. They argue, however, that Hill was responsible for ensuring that all named defendants were properly served with process on or before August 9, 2011; that through various documents filed in this proceeding between April 25, 2011, and July 29, 2011, they put Hill on notice that the USMS was having problems serving Lappin and McLeod, but that Hill took no action on his own to remedy the service defects as to Lappin and McLeod during that time. While acknowledging that Hill was transferred several times, was proceeding without counsel, and relied upon the USMS to serve process, they contend that he did not establish good cause for his failure to serve Lappin and McLeod before August 9, 2011. [*Id*.]

Hill counters that when he filed his complaint in January 2009, both Lappin and McLeod were employed by the BOP; and that he has no way to locate current addresses for either of them. He further argues that his numerous transfers prevented him from learning that the USMS had been unable to serve Lappin and McLeod; and that his claims against them should not be dismissed simply because the USMS can no longer locate and serve them at any BOP facility. [R. 54] Hill further contends that the Court must either order the BOP to provide the USMS with current home addresses

---

³ Lappin retired from the BOP effective May 7, 2011. *See* BOP Press Release, March 25, 2011, "Bureau of Prisons Director Harley G. Lappin Announces Plans to Retire," www. bop.gov.

for now retired officials Lappin and McLeod, or require the United States Attorney for the Eastern District of Kentucky to accept service of process on their behalf. [*Id.*]

Hill also moved the Court to order the defendants to provide him with copies of both the original motion to dismiss and the amended motion to dismiss. [R. 51] The defendants state that they took all necessary steps to send pleadings to Hill at his various addresses, but that he failed to keep them informed of his numerous changes of address in 2011. [R. 53, pp. 2-3] They further note that after the original motion to dismiss was returned as undeliverable on September 9, 2011, they contacted the BOP to ascertain Hill's current address, filed an amended motion to dismiss on October 11, 2011 [R. 44], and mailed a copy of it to Hill at his new address. [R. 53, p. 5] Because the amended motion to dismiss was not returned to them as undeliverable, the defendants contend that Hill received it.

**DISCUSSION**

A plaintiff's complaint should be dismissed if it is not served upon the defendant within 120 days after filing, unless he or she can demonstrate "good cause." Fed. R. Civ. P. 4(m); *Young v. FSA*, 2010 WL 583651, at *1-2 (W.D. Ky. 2010) (dismissing complaint where plaintiff served federal agency but not United States Attorney's Office or Attorney General within 120 days); *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521-22 (6th Cir. 2006). "Establishing good cause is the responsibility of the party opposing the motion to dismiss ... and 'necessitates a demonstration of why service was not made within the time constraints.'" *Id.* at 521. "Inadvertent failures" and "half-hearted efforts" do not satisfy the "good cause" requirement. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991).

4

Hill has not established good cause for failing to serve Lappin and McLeod within the requisite 120-day time period. The defendants correctly note that on April 25, 2011, the USMS filed an unexecuted return of service on McLeod, stating that he had retired from the BOP. [R. 25] This date was long before the BOP began transferring Hill in June 2011. Had Hill diligently monitored the docket sheet of this proceeding between April 2011 and July 2011, he would have known that the USMS was having difficulties serving McLeod. He would have also known that by late July 2011, the USMS had filed no return of service - either executed or unexecuted - as to Lappin. But Hill took no action concerning the USMS's obvious inability to serve either Lappin or McLeod.

Even incarcerated plaintiffs who are relying on the USMS for service of process "may not remain silent and do nothing to effectuate such service." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Rather, at a minimum such plaintiffs "should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which [they have] knowledge." *Id*. *See also*, *Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001) (affirming dismissal for failure to timely serve when plaintiff waited nearly ten months before attempting to obtain home addresses for defendants from their employer). As one court has emphasized, "[m]ere ignorance of the rules, or failure to keep track of dates is not good cause for failure to serve a party on time." *Scarton v. Charles*, 115 F.R.D. 567, 569 (E.D. Mich. 1987) (*citing Reynolds v. United States*, 782 F.2d 837 (9th Cir. 1986)).

Nor may a prisoner plaintiff ". . . sit by in silence when he knew that service had not been executed" because "silence and inaction do not constitute reasonable cooperation with the Marshal in order to ensure timely service." *Vandiver v. Martin*, 304 F. Supp.2d 934, 943 (E.D. Mich 2004). Here, Hill made no effort to "request service upon the appropriate defendant[s] and attempt to

5

remedy any apparent service defects of which [he had] knowledge," and therefore has not shown good cause for his failure to serve Lappin and McLeod with process within the 120-day period set forth in Rule 4(m).

Locating and serving a defendant in *any* civil case is never a forgone conclusion, and the possibility that an attempt to serve process will be ineffective is a risk inherent in all civil litigation, whether the plaintiff is a prisoner or not. Hill in particular should be aware of this: while he is not an attorney, the Court's PACER database indicates that he is a veteran litigant, having filed almost forty civil actions and nine separate appeals in the federal court system alone. Given Hill's familiarity with the federal judicial process, he either knew or should have known that the appellate process is a lengthy one, and that while an appeal is pending BOP employees (like other employees), can be transferred, retire, die, or leave the agency's employment. Once summons issued in this case in April 2011, it was incumbent upon to Hill to ensure that the defendants were properly served, including monitoring the docket in this action and taking affirmative steps to assist the USMS if doing so was necessary. Having failed to do so, Hill now seeks to shift his burden to the defendants by requesting that the Court either order the BOP to provide him with the home addresses for Lappin and McLeod, or directing the U.S. Attorney's Office to accept personal service on their behalf. Hill's request for "special service of process" must be denied.

First, while the USMS must attempt service of process on behalf of an indigent defendant, the plaintiff must first provide it with accurate address information, and neither the USMS nor the Court is required to conduct an investigation to learn the whereabouts of a missing defendant. *Fitts v. Sicker*, 232 F. App'x 436, 443-44 (6th Cir. 2007). *See also Portman v. Wilson*, 2011 WL 4527900, at *5-6 (E.D. Ky. 2011) (denying prisoner's requests that the USMS be ordered to serve

BOP employees at their new BOP addresses after the 120-day period had expired or that the United States Attorney's office be compelled to accept service of process on behalf of five unserved BOP officials); *Burke v. Morgan*, 2009 WL 1598420, at *2-4 (E.D. Ky. 2009) (denying a request to add additional party to case, for sole purpose of requiring that entity to provide addresses for defendants upon whom service had not been made); *Demonbreum v. Bureau of Prisons*, 2011 WL 9298, at *2 (E.D. Ky. 2011); *Halloran v. Baker*, 109 F. App'x. 830, 831 (8th Cir. 2004) (no abuse of discretion in dismissing complaint for lack of timely service, where plaintiff failed to provide court with correct address for defendant).

Second, the Court cannot compel the U.S. Attorney's Office to accept service on behalf of Lappin and McLeod where Hill has sued them in their individual capacities under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). It is the plaintiff's sole responsibility to ensure that federal officers sued in their individual capacities are personally served in accordance with the ordinary rules for service on individuals. *Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988)). Absent such personal service, a district court lacks jurisdiction to render judgment against them. *Abel*, 122 F. App'x at 250 (citing *Friedman*, 929 F.2d at 1156). Contrary to Hill's assertions, the U.S. Attorney's Office cannot be ordered to "waive" service on these two defendants.

Finally, to the extent that Hill may be claiming that service of process on Lappin and Hill should effectively be waived for equitable reasons, that claim fails. Neither Lappin nor McLeod have waived their right to object to insufficient service of process, and "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999). The amended motion to dismiss the claims against Lappin and

7

McLeod for insufficient service of process cannot and does not cure Hill's failure to properly effect service of process on Lappin and McLeod.

Lappin and McLeod were not served with process within the 120-day window required under Federal Rules of Civil Procedure 4 (m), and Hill has not shown good cause for failing to serve them. Therefore, as neither of them are before the Court, the *Bivens* claims against them will be dismissed. *See Demonbreum*, 2011 WL 9298, at \*2; *Cosgrove v. Bureau of Prisons*, No. 7:09–CV-64-KKC (E.D. Ky.) (Order, R. 20, p. 8) (dismissing claims against federal defendants upon whom service of process had not been effectuated).

Accordingly, **IT IS ORDERED** that

(1)     The "Amended Motion to Dismiss" [R. 44] filed on behalf of federal Defendants Harley Lappin, former BOP director and Ronald McLeod, former Associate Warden of USP-McCreary, is **GRANTED**;

(2)     Plaintiff Demetrius Hill's individual capacity constitutional claims against Harley Lappin and Ronald Mcleod are **DISMISSED**; and

(3)     Hill's motion [R. 51] requesting a copy of the defendants' original motion to dismiss [R. 37] and amended motion to dismiss [R. 44] is **DENIED** as **MOOT**.

This July 3, 2012



**Signed By:**
*Karl S. Forester*  KSF
**United States Senior Judge**